UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA, Ex rel.
ARI LAWRENCE

       Plaintiff,

v.                                                    Case No. 3:16-cv-576-J-39PDB

HUNTINGTON INGALLS INDUSTRIES,
INC., HUNTINGTON INGALLS
INCORPORATED, and NORTHROP
GRUMMAN CORPORATION,

       Defendants.
_____/

## ORDER

       **THIS CAUSE** is before the Court sua sponte. Plaintiff initiated this action by filing a four-count Complaint. (Doc. 1; Complaint). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."

       There are four basic types of shotgun pleadings:

> (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which.

Yeyille v. Miami Dade Cty. Pub. Sch., 643 F. App'x 882, 884 (11th Cir. 2016) (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

"The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, Count II incorporates all of the allegations of Count I, and Counts III and IV incorporate all of the allegations of the preceding counts. See generally Complaint.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Weiland, 792 F.3d at 1321, 1324 ("[T]his Court has condemned the incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor counts], leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." (internal quotation and citation omitted)) (collecting cases); Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the

litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.") (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

Accordingly, after due consideration, it is

**ORDERED**:

1. The Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order no later than **October 15, 2019**. Failure to do so may result in dismissal of this action.

**DONE** and **ORDERED** in Jacksonville, Florida, this 1st day of October, 2019.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties